FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 19 2005 ★
P.M. ______
TIME A.M. ______

KTC:LJF:CSK
F. #2003R02997

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

KYONGJA KANG,
WUN HEE KANG,
NISIM YUSHUVAYEV,
also known as "Nick,"
HYUN GOO KANG,
BYUNGKI KOO and
[redacted],

Defendants.

- - - - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 04-87 (S-3) (ILG)
(T. 8, U.S.C., §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(iii); T. 18, U.S.C., §§ 241, 242, 371, 981(a)(1)(C), 1512(k), 1581(a), 1581(b), 1589, 1590, 1594(a), 1594(b), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Commit Forced Labor)

1. In or about and between January 1996 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KYONGJA KANG, WUN HEE KANG and HYUN GOO KANG, together with others, did knowingly and intentionally conspire to obtain the labor and services of one or more persons (a) by threats of serious harm to, and physical restraint against, those persons, (b) by means of a scheme, plan and pattern intended to cause those persons to believe that, if those persons did not perform

such labor and services, those persons would suffer serious harm and physical restraint, and (c) by means of the abuse and threatened abuse of law and the legal process, which offense included aggravated sexual abuse and an attempt to commit aggravated sexual abuse, all in violation of Title 18, United States Code, Section 1589.

2. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants together with others, did commit and cause to be committed, among others, the following:

OVERT ACTS

a. In or about April 2003, the defendant KYONGJA KANG traveled from the United States to South Korea.

b. In or about May 2003, the defendant KYONGJA KANG required Jane Doe #2, an individual whose identity is known to the Grand Jury, to sign a promissory note for the approximate equivalent of $20,000.

c. On or about May 30, 2003, the defendant KYONGJA KANG traveled with Jane Doe #1, an individual whose identity is known to the Grand Jury, and Jane Doe #2 to the United States.

d. On about May 30, 2003, the defendant WUN HEE KANG traveled to John F. Kennedy International Airport in Jamaica, New York.

e. On or about May 30, 2003, the defendant WUN HEE KANG drove Jane Doe #1 and Jane Doe #2 to Renaissance, a bar located at 35-28 154th Street, Flushing, New York.

f. On or about May 30, 2003, the defendant WUN HEE KANG drove Jane Doe #1 and Jane Doe #2 to a residence located at 34-21 153rd Street, Flushing, New York.

g. On or about May 30, 2003, the defendant KYONGJA KANG took possession of passports belonging to Jane Doe #1 and Jane Doe #2.

h. On or about May 31, 2003, the defendant KYONGJA KANG required Jane Doe #1 to sign a promissory note for the approximate equivalent of $20,000.

i. On several occasions between approximately June 1, 2003 and June 15, 2003, the defendant WUN HEE KANG sexually molested Jane Doe #1 and Jane Doe #2.

j. On several occasions between approximately June 2003 and September 2003, the defendant WUN HEE KANG told Jane Doe #1 and Jane Doe #2 that it would be useless for them to report his conduct to the police because he had connections in the police department.

k. In or about July 2003, the defendant HYUN GOO KANG hit Jane Doe #2 while inside the Renaissance bar.

l. In or about July 2003, the defendant HYUN GOO KANG drove Jane Doe #2 to 18 University Drive, Port Jefferson, New York.

m. For approximately two days in or about August 2003, the defendant WUN HEE KANG required Jane Doe #1 to remain in the basement of 8 Sullivan Avenue, Port Jefferson, New York.

n. In or about August 2003, the defendant WUN HEE KANG told Jane Doe #1 that he wanted to kill her and that he was thinking about selling her.

o. In or about September 2003, the defendant HYUN GOO KANG drove Jane Doe #1 and Jane Doe #2 to 34-21 153rd Street, Flushing, New York.

p. In or about September 2003, the defendant KYONGJA KANG required Jane Doe #1 to write an apology note.

q. In or about September 2003, at 34-21 153rd Street, Flushing, New York, the defendant WUN HEE KANG, in the presence of the defendants KYONGJA KANG and HYUN GOO KANG, kicked Jane Doe #1 in the head more than once, causing Jane Doe #1 to lose consciousness.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNTS TWO AND THREE
(Trafficking)

3. In or about and between April 2003 and November 2003, both dates being approximate and inclusive, within

the Eastern District of New York and elsewhere, the defendant KYONGJA KANG, together with others, did knowingly and intentionally recruit and transport the persons listed below for labor and services in violation of Chapter 77 of Title 18, United States Code, and attempt to do the same, which offense included aggravated sexual abuse and an attempt to commit aggravated sexual abuse:

| COUNT | PERSON |
|---|---|
| TWO | Jane Doe #1 |
| THREE | Jane Doe #2 |

(Title 18, United States Code, Sections 1590, 1594(a), 2 and 3551 et seq.)

COUNTS FOUR AND FIVE
(Harboring)

4. In or about and between April 2003 and November 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KYONGJA KANG and WUN HEE KANG, together with others, did knowingly, intentionally and in reckless disregard of the fact that the aliens listed below had come to, entered, and remained in the United States in violation of law harbor and attempt to harbor those aliens for the purpose of commercial advantage and private financial gain, during and in relation to which the defendants caused serious bodily injury:

| COUNT | PERSON |
|---|---|
| FOUR | Jane Doe #1 |
| FIVE | Jane Doe #2 |

(Title 8, United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(iii); Title 18, United States Code, Sections 3551 et seq.)

COUNTS SIX AND SEVEN
(Forced Labor)

5. In or about and between April 2003 and November 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KYONGJA KANG, WUN HEE KANG and HYUN GOO KANG, together with others, did obtain and attempt to obtain the labor and services of the persons listed below (a) by threats of serious harm to, and physical restraint against, those persons, (b) by means of a scheme, plan and pattern intended to cause those persons to believe that, if those persons did not perform such labor and services, those persons would suffer serious harm and physical restraint, and (c) by means of the abuse and threatened abuse of law and the legal process, which offense included kidnapping and the attempt to kidnap:

| COUNT | PERSON |
|---|---|
| SIX | Jane Doe #1 |
| SEVEN | Jane Doe #2 |

(Title 18, United States Code, Sections 1589, 1594(a), 2 and 3551 et seq.)

COUNTS EIGHT AND NINE
(Peonage)

6. In or about and between April 2003 and November 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KYONGJA KANG, WUN HEE KANG and HYUN GOO KANG, together with others, did knowingly and intentionally hold and attempt to hold the persons listed below to a condition of peonage, which offense included aggravated sexual abuse and the attempt to commit aggravated sexual abuse:

| COUNT | PERSON |
|---|---|
| EIGHT | Jane Doe #1 |
| NINE | Jane Doe #2 |

(Title 18, United States Code, Sections 1581(a), 1594(a), 2 and 3551 et seq.)

COUNT TEN
(Conspiracy Against Rights)

7. In or about and between November 2003 and June 2004, both dates being approximate and inclusive, within the Eastern District of New York, the defendants WUN HEE KANG, NISIM

YUSHUVAYEV, also known as "Nick," HYUN GOO KANG and BYUNGKI KOO, together with others, did knowingly and intentionally conspire to oppress, threaten and intimidate Jane Doe #1 and Jane Doe #2 in the free exercise and enjoyment of rights and privileges secured to them by the Constitution and laws of the United States, to wit: due process and freedom from unreasonable seizure, which offense included kidnapping and an attempt to kidnap.

(Title 18, United States Code, Sections 241 and 3551 et seq.)

COUNT ELEVEN
(Deprivation of Rights Under Color of Law)

8. In or about November 2003, within the Eastern District of New York, the defendant NISIM YUSHUVAYEV, together with others, while acting under color of law, did knowingly and willfully subject Jane Doe #1 to the deprivation of rights and privileges secured to her by the Constitution and laws of the United States, to wit: due process and freedom from unreasonable seizure, which offense included kidnapping and an attempt to kidnap.

(Title 18, United States Code, Sections 242, 2 and 3551 et seq.)

COUNT TWELVE
(Obstructing Enforcement of Peonage Statute)

9. In or about and between October 2003 and July 2004, both dates being approximate and inclusive, within the

Eastern District of New York, the defendants WUN HEE KANG, NISIM YUSHUVAYEV, also known as "Nick," HYUN GOO KANG and BYUNGKI KOO, together with others, did knowingly and intentionally obstruct, attempt to obstruct and interfere with the enforcement of Title 18, United States Code, Section 1581(a), which offense included kidnapping, the attempt to kidnap, aggravated sexual abuse and the attempt to commit aggravated sexual abuse.

(Title 18, United States Code, Sections 1581(b), 2 and 3551 et seq.)

COUNT THIRTEEN
(Conspiracy to Obstruct Justice)

10. In or about and between February 2004 and June 2004, both dates being approximate and inclusive, within the Eastern District of New York, the defendants KYONGJA KANG and [redacted], together with others, did knowingly, intentionally and corruptly conspire to conceal records and documents, to wit: receipts and other materials related to the operation of Renaissance, a bar located at 35-28 154th Street, Flushing, New York, with the intent to impair their availability for use in an official proceeding, to wit: the criminal prosecution of the crimes charged in Counts One through Twelve, in violation of Title 18, United States Code, Section 1512(c)(1).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION FOR COUNTS
ONE THROUGH THREE, SIX THROUGH NINE, AND TWELVE

11. The United States hereby gives notice to the defendants charged in Counts One through Three, Six through Nine, and Twelve, that upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(b), of any interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and any property, real or personal, constituting or derived from any proceeds that such person obtained directly or indirectly, as a result of such offense, including but not limited to, the following:

a. All right, title and interest to the real property located at 8 Sullivan Avenue, Port Jefferson, New York, in the name of WUN HEE KANG;

b. All right, title and interest to the real property located at 18 University Drive, Port Jefferson, New York, in the name of KYONGJA KANG; and

c. All right, title and interest in the business Renaissance, a bar located at 35-28 154th Street, Flushing, New York.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendants

KYONGJA KANG, WUN HEE KANG, NISIM YUSHUVAYEV, HYUN GOO KANG and BYUNGKI KOO:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

13. Such substitute forfeitable assets include, but are not limited, to the following properties of the defendants KYONGJA KANG, WUN HEE KANG, NISIM YUSHUVAYEV, HYUN GOO KANG and BYUNGKI KOO:

a. All right, title and interest in the business Nail House, a nail salon located at 22 Jagger Lane, South Hampton, New York;

b. All right, title and interest in the business Top Nails, a nail salon located at 448 Middle Country Road, Seldon, New York;

c. All right, title and interest in the business Seldon Nails & Tanning, a nail salon located at 664 Middle Country Road, Seldon, New York;

d. All right, title and interest in the business Top Nails, a nail salon located at 11 Moniebogue Lane, Westhampton, New York;

e. Approximately Fifteen Thousand Dollars ($15,000.00) in United States currency; and

f. Assorted pieces of jewelry valued at approximately $49,450.00 described as (i) an 18 karat gold ring with black pearl; (ii) a 14 karat gold ring; (iii) a 24 karat gold cross; (iv) a 24 karat gold 18" chain; (v) a 24 karat gold 24" chain; and (vi) an 18 karat "Rolex" watch with diamonds.

(Title 18, United States Code, Section 1594(b); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION FOR COUNTS FOUR AND FIVE

14. The United States hereby gives notice to the defendants charged in Counts Four and Five, that upon their conviction of any such offense, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted

of such offenses to forfeit any property constituting or derived from proceeds, obtained directly or indirectly, as a result of such offenses, including, but not limited to the following:

a. All right, title and interest to the real property located at 8 Sullivan Avenue, Port Jefferson, New York, in the name of WUN HEE KANG;

b. All right, title and interest to the real property located at 18 University Drive, Port Jefferson, New York, in the name of KYONGJA KANG; and

c. All right, title and interest in the business Renaissance, a bar located at 35-28 154th Street, Flushing, New York.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendants KYONGJA KANG and WUN HEE KANG:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

16. Such substitute forfeitable assets include, but are not limited, to the following properties of the defendants KYONGJA KANG and WUN HEE KANG:

a. All right, title and interest in the business Nail House, a nail salon located at 22 Jagger Lane, South Hampton, New York;

b. All right, title and interest in the business Top Nails, a nail salon located at 448 Middle Country Road, Seldon, New York;

c. All right, title and interest in the business Seldon Nails & Tanning, a nail salon located at 664 Middle Country Road, Seldon, New York;

d. All right, title and interest in the business Top Nails, a nail salon located at 11 Moniebogue Lane, Westhampton, New York;

e. Approximately Fifteen Thousand Dollars ($15,000.00) in United States currency; and

f. Assorted pieces of jewelry valued at approximately $49,450.00 described as (i) an 18 karat gold ring with black pearl; (ii) a 14 karat gold ring; (iii) a 24 karat gold cross;

(iv) a 24 karat gold 18" chain; (v) a 24 karat gold 24" chain; and (vi) an 18 karat "Rolex" watch with diamonds.

(Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(p))

A TRUE BILL

____________________________
FOREPERSON

____________________________
ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK